IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VELOXIS PHARMACEUTICALS, INC.,   )
         )
      Plaintiff,    )
         )
     v.     )  C.A. No. _____
         )
GLENMARK PHARMACEUTICALS INC.,   )
USA,        )
         )
      Defendant.    )

## COMPLAINT

Plaintiff Veloxis Pharmaceuticals, Inc. ("Veloxis"), by its undersigned attorneys, for its Complaint against Defendant Glenmark Pharmaceuticals Inc., USA ("Glenmark" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, arising from Defendant's submission of Abbreviated New Drug Application ("ANDA") No. 217905 ("Defendant's ANDA") to the United States Food and Drug Administration ("FDA"). Defendant's ANDA seeks FDA approval to market and sell 0.75 mg, 1 mg, and 4 mg extended-release tablets of tacrolimus ("Defendant's ANDA Products") prior to the expiration of U.S. Patent No. 12,403,095 ("the '095 Patent" or the "Patent-in-Suit).

2. Veloxis owns the Patent-in-Suit and is the holder of FDA approved New Drug Application ("NDA") No. 206406 for the brand name drug ENVARSUS XR® (tacrolimus). The Patent-in-Suit generally covers oral dosage forms of tacrolimus. Defendant's ANDA Products are generic versions of ENVARSUS XR®.

## THE PARTIES

3.      Plaintiff Veloxis is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 2000 Regency Parkway, Suite 500, Cary, NC 27518.

4.      Upon information and belief, Defendant Glenmark Pharmaceuticals Inc., USA is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 750 Corporate Drive, Mahwah, New Jersey 07430.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6.      This Court has personal jurisdiction over Glenmark Pharmaceuticals Inc., USA by virtue of, *inter alia*, the incorporation of Glenmark Pharmaceuticals Inc., USA in the State of Delaware and the fact that it has availed itself of the rights and benefits of the laws of Delaware by engaging in systematic and continuous contacts with Delaware and because it intends to market, sell, and/or distribute generic pharmaceutical drug products within this State and to residents of this State, including the generic drug product that is the subject of ANDA No. 217905.  This Court has personal jurisdiction over Defendant for the additional reasons set forth below and for other reasons that will be presented to the Court if jurisdiction is challenged.

7.      This Court also has personal jurisdiction over Glenmark Pharmaceuticals Inc., USA, by virtue of Glenmark Pharmaceuticals Inc., USA, previously consenting to personal jurisdiction in this Court and having taken advantage of the rights and protections provided by this Court, including having asserted counterclaims in this jurisdiction (*see, e.g.,* Answer, Defenses, and Counterclaims, *AVEO Pharmaceuticals, Inc. v. Glenmark Pharmaceuticals Inc. USA et al.*, C.A. No. 25-735-MN, (D. Del. Aug. 12, 2025), D.I. 9; Answer, Defenses, and Counterclaims,

*Veloxis Pharmaceuticals, Inc. v. Glenmark Pharmaceuticals Inc.*, C.A. No. 25-458-MN, (D. Del. June 5, 2025), D.I. 11; Answer, Defenses, and Counterclaims, *Novartis Pharm. Corp. v. HEC Pharm. Co., Ltd. et al.*, C.A. No. 20-133-MN, (D. Del. Feb. 18, 2020), D.I. 11; Answer, Defenses, and Counterclaims, *Pfizer Inc. et al. v. Glenmark Pharma. Ltd. et al*, C.A. No. 19-1209-RGA (D. Del. Sep. 3, 2019), D.I. 15; Answer, Defenses, and Counterclaims, *Novartis Pharm. Corp. v. Accord Healthcare Inc. et al.*, C.A. No. 18-1043-LPS (D. Del. Sep. 17, 2018), D.I. 146; Answer, Defenses, and Counterclaims, *Delcor Asset Corp. v. Glenmark Pharm. Ltd. et al.*, C.A. No. 18-460-SRF (D. Del. May 29, 2018), D.I. 18).

8.     This Court also has personal jurisdiction over Defendant because, *inter alia,* it has committed an act of patent infringement under 35 U.S.C. § 271(e)(2), and has sent notice of that infringement to Veloxis, a corporation organized and existing under the laws of the State of Delaware.  On information and belief, Defendant intends a future course of conduct that includes acts of patent infringement in Delaware.  These acts have led and will continue to lead to foreseeable harm and injury to Veloxis in Delaware.

9.     Defendant is incorporated in the State of Delaware and therefore resides in this Judicial District.  Thus, venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1400(b).

## PATENT-IN-SUIT

10.     On September 2, 2025, the '095 Patent, titled "Stabilized Tacrolimus Composition," was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO").  Veloxis is the assignee of the '095 Patent.  A true copy of the '095 Patent is attached hereto as **Exhibit A**.

3

**VELOXIS' ENVARSUS XR®**

18.    Veloxis holds approved NDA No. 206406 for extended-release tablets containing the active ingredient tacrolimus.  Veloxis markets and sells tacrolimus extended-release tablets under the trade name ENVARSUS XR®.

19.    ENVARSUS XR® is a calcineurin-inhibitor immunosuppressant indicated for: (1) the prophylaxis of organ rejection in de novo kidney transplant patients in combination with other immunosuppressants and (2) the prophylaxis of organ rejection in kidney transplant patients converted from tacrolimus immediate-release formulations in combination with other immunosuppressants.  A copy of the complete prescribing information for ENVARSUS XR® is attached hereto as **Exhibit B.**

20.    Pursuant to 21 U.S.C. § 355(b)(1) and related FDA regulations, Veloxis listed the '095 Patent in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to ENVARSUS XR®.

**ACTS GIVING RISE TO THIS ACTION**

21.    By letter dated February 6, 2026 ("Feb. 6 Notice Letter"), Glenmark notified Veloxis that Glenmark had submitted ANDA No. 217905 to the FDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)).  Veloxis received the Feb. 6 Notice Letter no earlier than February 7, 2026.

22.    The Feb. 6 Notice Letter states that Glenmark seeks approval from the FDA to engage in the commercial manufacture, use, sale, offer to sell, and/or importation in the United States of Defendant's ANDA Products before expiration of the '095 Patent.  Upon information and belief, Defendant intends to, directly or indirectly, engage in the commercial manufacture, use, sale, offer for sale, and/or importation of Defendant's ANDA Products promptly upon receiving FDA approval.

23.      By filing ANDA No. 217905, Defendant has necessarily represented to the FDA that Defendant's ANDA Products have the same active ingredient, the same dosage form, the same route of administration, and the same strengths as ENVARSUS XR®.  By submitting ANDA No. 217905, Defendant also has necessarily represented to the FDA that Defendant's ANDA Products are bioequivalent to ENVARSUS XR®.  Upon information and belief, Defendant is seeking approval to market and sell its ANDA Products for the same approved indications as ENVARSUS XR®.

24.      In the Feb. 6 Notice Letter, Glenmark states that Defendant's ANDA contains a Paragraph IV Certification asserting that the claims of the '095 Patent are not infringed and/or are invalid under 35 U.S.C. §§ 103.  The Feb. 6 Notice Letter does not contest that the claims of the '095 Patent are enforceable.  The Feb. 6 Notice Letter also does not contest the validity of the claims of the '095 Patent under 35 U.S.C. § 102.

## COUNT I
## INFRINGEMENT OF THE '095 PATENT

32.      Veloxis repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

33.      Defendant's submission of its ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Defendant's ANDA Products, prior to the expiration of the '095 Patent, constitutes infringement of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents, including at least claim 1.

34.      Upon information and belief, Defendant's ANDA Products and/or their use in accordance with the product label satisfies each and every element of at least claim 1 of the '095 Patent.

35. There is a justiciable controversy between the parties hereto as to the infringement and/or validity of the '095 Patent.

36. Unless enjoined by this Court, upon FDA approval of Defendant's ANDA, Defendant will infringe one or more claims of the '095 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Defendant's ANDA Products in the United States.

37. Unless enjoined by this Court, upon FDA approval of Defendant's ANDA Products, Defendant will induce infringement of one or more claims of the '095 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Defendant's ANDA Products in the United States.  Upon information and belief, upon FDA approval of Defendant's ANDA Products, Defendant will intentionally encourage acts of direct infringement with knowledge of the '095 Patent and knowledge that its acts are encouraging infringement, with specific intent to induce infringement of the '095 Patent.

38. Unless enjoined by this Court, upon FDA approval of Defendant's ANDA Products, Defendant will contributorily infringe one or more claims of the '095 Patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Defendant's ANDA Products in the United States.  Upon information and belief, Defendant has had and continues to have knowledge that Defendant's ANDA Products are especially adapted for a use that infringes one or more claims of the '095 Patent and that there is no substantial non-infringing use for Defendant's ANDA Products.

39. Veloxis will be substantially and irreparably damaged and harmed if Defendant's infringement of the '095 Patent is not enjoined.

40. Veloxis does not have an adequate remedy at law.

41.     Upon information and belief, Defendant had knowledge of the '095 Patent prior to filing its ANDA with the FDA.

42.     This case is an exceptional one, and Veloxis is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Veloxis respectfully requests the following relief;

A.     An entry of Judgment that Defendant has infringed the Patent-in-Suit through the submission of ANDA No. 217905 to the FDA;

B.     An entry of Judgment that, Defendant has infringed, and that Defendant's making, using, selling, offering to sell, or importing Defendant's ANDA Products will infringe one or more claims of the Patent-in-Suit;

C.     The issuance of an order that the effective date of any FDA approval of Defendant's ANDA Products shall be no earlier than the expiration date of the Patent-in-Suit and any additional periods of exclusivity to which Veloxis is or becomes entitled;

D.     An entry of a preliminary and permanent injunction enjoining Defendant and others acting in concert with Defendant from commercially manufacturing, using, selling, offering for sale, and/or importing Defendant's ANDA Products within the United States, until after the expiration date of the Patent-in-Suit and any additional periods of exclusivity to which Veloxis is or becomes entitled;

E.     A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Defendants, its officers, agents, attorneys, and employees, and those acting in privity and/or concert with them, from practicing any compositions or methods claimed in the Patent-in-Suit, or from actively inducing or contributing to the infringement of any claim of the Patent-in-

Suit, until after the expiration of the Patent-in-Suit, or any later expiration of exclusivity to which Veloxis is or becomes entitled;

F.    A Declaration that the commercial manufacture, use, sale, or offer for sale, and/or importation into the United States of Defendant's ANDA Products will directly infringe, induce, and/or contribute to infringement of the Patent-in-Suit;

G.    To the extent that Defendant has committed any acts with respect to the compositions or methods claimed in the Patent-in-Suit, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), that Veloxis be awarded damages for such acts;

H.    If Defendant engages in the commercial manufacture, use, sale, or offer for sale, or importation into the United States of Defendant's ANDA Products prior to the expiration of the Patent-in-Suit, a Judgment awarding damages to Veloxis resulting from such infringement, together with interest;

I.    An award to Veloxis of attorneys' fees in this action as an exceptional case pursuant to 35 U.S.C. § 285;

J.    An award to Veloxis of costs and expenses in this action; and

K.    An award to Veloxis of any further and additional relief that this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jeremy A. Tigan

_____

OF COUNSEL:

Jeremy A. Tigan (#5239)
1201 North Market Street

Andrew M. Berdon
P.O. Box 1347

James E. Baker
Wilmington, DE  19899

Laura L. Fairneny
(302) 658-9200

QUINN EMANUEL URQUHART
jtigan@morrisnichols.com

  & SULLIVAN LLP

295 Fifth Avenue

New York, NY  10016
*Attorneys for Plaintiff*

(212) 849-7000
*Veloxis Pharmaceuticals, Inc.*

March 20, 2026

9